[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs, James Laurin and Virginia Laurin, filed this action against the defendants, Kerry Hanlon and Carole Hanlon, on May 15, 2001. The plaintiffs allege the following facts. The plaintiffs purchased a home located in Brookfield, Connecticut from the defendants on November 22, 1999. The residential property condition report completed by the CT Page 8932 defendants disclosed that there were no problems with the quality or quantity of drinking water for the single-family residence. In addition, the sales contract provided that the water system serving the residence provided "adequate potable water for normal domestic purposes." The plaintiffs, since purchasing the property, have experienced problems with the water system which have interfered with their ability to shower, wash clothes, wash dishes, brush their teeth, use toilets and fully enjoy the use of their home. The plaintiffs assert that the defendants made false, misleading and incomplete representations on the condition report in order to induce them to buy the property.
On August 17, 2001, the defendants filed an answer and eight special defenses to the plaintiffs' complaint. On March 25, 2002, the plaintiffs filed a motion to strike all the special defenses.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). "In . . . ruling on the . . . motion to strike, the trial court recognized its obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v.Douglas, 221 Conn. 530, 536, 606 A.2d 684 (1992).
"The purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action." (Internal quotation marks omitted.) Danbury v. Dana Investment Corp., 249 Conn. 1, 17, 730 A.2d 1128
(1999); see also Practice Book § 10-50. "A general denial, rather than a special defense, is used [i]f a party wishes to contradict facts alleged in a complaint. . . ." (Internal quotation marks omitted.)Kiewlen v. Mallison, Superior Court, judicial district of New Haven at Meriden, Docket No. 257510 (December 21, 2000, Levine, J.) (28 Conn.L.Rptr. 565); see also Bikakis v. Alcock, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 313691 (December 11, 1995, Maiocco, J.) (15 Conn.L.Rptr. 161).
In all of their special defenses, the defendants assert that the representations they made were not fraudulent. These facts contradict the facts alleged in the plaintiffs' complaint. These defenses merely controvert the plaintiffs' cause of action and fail to show that the CT Page 8933 cause of action is legally insufficient. Thus, the defendants' special defenses are in fact general denials of the plaintiffs' complaint. Accordingly, the plaintiffs' motion to strike the defendants' eight special defenses is granted.
White, J.